**EXHIBIT A**

POTTER HANDY, LLP
Mark Potter, Esq. SBN 166317
Russell Handy, Esq. SBN 195058
9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385
Fax: (888) 422-5191
mark@potterhandy.com

MORRIS, SULLIVAN & LEMKUL, LLP
Shawn Morris, Esq., SBN 134855
Will Lemkul, Esq., SBN 219061
Shanna Bailey, Esq, SBN 269592
9915 Mira Mesa Blvd., Suite 300
San Diego, CA 92131
(858) 566-7600
Fax (858) 566-6602

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

| | |
|---|---|
| Kevin Wesely Dobbs,<br><br>Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, National Association, Doing Business as Wells Fargo Dealer Services; Hyundai Capital America, a California Corporation, Doing Business as Hyundai Motor Finance, and Does 1-100,<br><br>Defendants. | Case No. 37-2012-00050425-CU-BT-NC<br><br>**CLASS ACTION**<br><br>Complaint for Damages and Injunctive Relief Pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.<br><br>Demand For Jury |

Plaintiff Kevin Wesely Dobbs, individually and on behalf of all others similarly situated (hereinafter "Plaintiff"), hereby complains and alleges on information and belief as follows:

ORIGINAL

1

Class Action Complaint

## I. INTRODUCTION

1. This is a class action brought on behalf of persons in the United States that have received calls to their cellular telephones by Defendants Wells Fargo Dealer Services and Hyundai Motor Finance (hereinafter referred to as "Defendants") without their express permission. This is an action for damages brought by an individual consumer on behalf of himself and everyone else similarly situated for Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA"), which prohibits calls made by an automatic dialer to a consumer's cellular telephone without prior express permission.

2. Defendants engaged in a months-long pattern of deliberate harassment, contacting Plaintiff on his cellular telephone virtually every day, oftentimes calling Plaintiff multiple times in one day. These phone calls total more than 40 calls. Each of these calls was placed to Plaintiff's cellular telephone, without his express permission, by means of an automatic telephone dialing system. Plaintiff seeks monetary relief based on Defendant's violations of the TCPA.

## II. PARTIES

3. Plaintiff, Kevin Wesely Dobbs is a natural person who resided in San Diego at the time the calls were made and who currently resides in the county of San Diego part of the North County Judicial District. Kevin Wesely Dobbs is the account holder of a cellular telephone number who is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).

4. Defendant Wells Fargo Bank, National Association, does business in part under the fictitious name of Wells Fargo Dealer Services, and is a business entity that regularly conducts business in San Diego County, and which has its corporate headquarters located at 101 N. Phillips Avenue, Sioux Falls, South Dakota. Wells Fargo Bank is a National Association licensed to do business in every state and handles credit card provisions and other credit conditions. At all times relevant to this Complaint, Wells

Fargo Dealer Services has transacted business in the State of California and County of San Diego.

5. Defendant Hyundai Capital America, a California Corporation, doing business in part under the fictitious name of Hyundai Motor Finance, is a business entity that regularly conducts business in San Diego County, and which has its corporate headquarters located at 3161 Michelson Drive, Suite 100, Irvine, California. At all times relevant to this Complaint, Hyundai Capital America has transacted business in the State of California.

### III. TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. SECTION 227 *ET. SEQ.*

5. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. section 227 in response to a growing number of consumer complaints regarding telemarketing practices.

6. The TCPA regulates, among other items, the use of automated telephone equipment, also known as "autodialers." The language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the dialed party.

7. These telephone calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. Further, such calls can be costly and inconvenient.

8. On or about January 4, 2008, the Federal Communication Commission ("FCC") released a Declaratory Ruling wherein it confirmed that autodialed or prerecorded message telephone calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the telephone calls are made with the "prior express consent" of the called party. Express consent is granted only if the wireless number was provided by the consumer to the creditor, and that the number was provided during the transaction that resulted in the debt owed.

## IV. FACTS

9. Beginning in or around February 2nd, 2011, Defendant began to call Plaintiff's cellular telephone via an autodialed device.

10. The telephone calls placed by Defendant to Plaintiff's cellular telephone via the autodialed device used "an artificial or prerecorded voice" as described in 47 U.S.C. section 227(b)(1)(A).

11. Plaintiff is informed and believes and based thereon allege that Defendant's service agents, contractors, and employees, employ a computerized dialing system to place telephone calls to alleged debtors.

12. Defendant's calling system, when paired with specialized software, has the capacity to store or produce numbers and dial those numbers at random, in a sequential order, or from a database of numbers.

13. Defendant continued to place such telephone calls despite being told by Plaintiff to not call him on his cellular telephone.

14. Defendant called, Plaintiff on his cellular telephone via an auto dial device, without his express permission, in efforts to collect alleged debts.

15. Defendant's collection agents continued to honey badger Plaintiff with repeated calls to his cellular phone. Plaintiff believes that Defendant called in such a frequent manner with the intent to harass Plaintiff.

16. Defendant placed more than 40 calls to Plaintiff's cellular telephone in violation of the TCPA in an attempt to collect money for this alleged debt. These contacts were numerous and frequent, often at multiple times per day.

17. Defendant placed such telephone calls with the knowledge that using an automatic telephone dialing system to Plaintiff's cellular telephone would be in violation of the TCPA. As a direct result of Defendant's ongoing campaign of harassment, Plaintiff

4

has incurred actual damages consisting of mental and emotional distress, nervousness, embarrassment, anxiety, humiliation, pain and suffering, and other injuries.

18. Defendant's harassing acts were in willful disregard of federal law. As such it was so willful, vexatious, outrageous, oppressive, and maliciously calculated as to warrant statutory penalties punitive damages and trebling of the minimum $500.00 per telephone call penalty.

## V. CLASS ALLEGATIONS

19. Plaintiff re-alleges and incorporates by reference every allegation contained in all paragraphs above, as if set forth at this point.

20. This action may be properly maintained as a class action pursuant to 47 USC § 227.

21. Plaintiff brings this Complaint on behalf of all persons in the United States who have received calls from Defendant on their cell phones via auto dialing devices without express permission over the past 4 years. Plaintiff is informed and believes that the class consists of thousands of persons. Specifically excluded from the class are any entities in which any Defendant has a controlling interest; any of Defendants' parent companies, subsidiaries, or affiliates; and any of Defendants' officers and directors, members of their immediate families, their heirs, and their successors and assigns.

22. The members of the class are so numerous that separate joinder of each member is impractical. Appropriate discovery can determine the exact number of class members. The disposition of class members' claims in a class action format will provide substantial benefits to the parties and the Court.

23. The claims of the representative Plaintiff raise questions of law and fact that are common to questions of law and fact raised by the claims of each member of the class.

24. The claims of the representative Plaintiff are typical of the claims of each member of the class. Plaintiff has the same interest in this matter as all other members of the class.

25. The prosecution of separate claims by each individual member of the class would create a risk of inconsistent or varying adjudications.

26. The questions of law or fact common to the claims of the representative Plaintiff and the claims of each member of the class predominate over any questions of law or fact affecting individual members of the class. Class representation is superior to other available methods for fair and efficient adjudication of this controversy.

27. Questions of law and/or fact that are common to the claim include but are not limited to:

(A) Whether, within the four years prior to filing of this Complaint, Defendant placed any phone calls to any Class member using any automated telephone dialing system to any telephone number assigned to a cellular telephone service without express permission to do so.

(B) Whether Plaintiff and the Class members are damaged thereby and the extent of the damages for such violation;

(C) Whether defendant should be enjoined from engaging such conduct in the future.

28. As a person that received at least one unsolicited telephone call on his cell phone without prior express consent, Plaintiff is asserting a claim that is typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

29. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

Class Action Complaint

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## VI. CAUSES OF ACTION

### FIRST COUNT
### NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. SECTION 227, *ET. SEQ.*
(On behalf of Plaintiff and against all Defendants)

32. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

33. The Telephone Consumer Protection Act (TCPA) provides, in pertinent part: "It shall be unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— [...] (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; [...]" 47 U.S.C. § 227(b)(1).

34. A person may bring an action based on a violation of the TCPA to "recover for actual monetary loss from such a violation, or to receive $500 in damages

for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). If a court finds that the defendant willfully and knowingly violated the TCPA, it may increase the amount of the award to a maximum of three times this amount, or $1,500.00 per violation. 47 U.S.C. § 227(b)(3).

35. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. section 227 *et. seq.* As a result of Defendant's negligent violations of 47 U.S.C. section 227 *et. seq.*, Plaintiffs and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of statute, pursuant to 47 U.S.C. section 227(b)(3)(B).

36. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

37. Plaintiff and Class Members are entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,
## 47 U.S.C. SECTION 227, *ET. SEQ.*

38. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. section 227 *et. seq.*

40. Each of these violations was a willful and knowing violation of the law and makes Defendant liable for treble damages for each such violation in the amount of $1,500.00 per call.

41. Plaintiff and Class Members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

42. Plaintiff and Class Members are also entitled to an award of attorneys' fees and costs.

## VII. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

1. Damages and statutory penalties for willful and knowing violations of the Telephone Consumer Protection Act in an amount of $1,500.00 per violation pursuant to 47 U.S.C. § 227(b)(3). In the alternative, and assuming the intentionality is not proved, the plaintiff seeks $500.00 per violation as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1).
2. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
3. Any other relief the Court may deem just and proper.

Dated: January 26, 2012                           POTTER HANDY, LLP

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: January 26, 2012                           POTTER HANDY, LLP

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

9

Class Action Complaint